# IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT JACKSON
_____

|  |  |  |
|---|---|---|
| **FLOYD EZELL JACKSON,** | ) | Shelby County Circuit Court |
|  | ) | No. 145399 R.D. |
| Plaintiff/Appellant. | ) |  |
|  | ) |  |
| VS. | ) | C. A. No. 02A01-9510-CV-00214 |
|  | ) |  |
| **STELLA L. SMITH JACKSON,** | ) |  |
|  | ) |  |
| Defendant/Appellee. | ) |  |
|  | ) |  |

**FILED**

**March 1, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

From the Circuit Court of Shelby County at Memphis.
**Honorable William O'Hearn, Judge by Designation**

**Stephen R. Leffler**, Memphis, Tennessee
Attorney for Plaintiff/Appellant.


**Mitchell D. Moskovitz**, Memphis, Tennessee
Attorney for Defendant/Appellee.

OPINION FILED:

**AFFIRMED**


**FARMER, J.**


**CRAWFORD, P.J., W.S.** : (Concurs)
**LILLARD, J.** : (Concurs)

The marriage between Floyd Ezell Jackson (Husband) and Stella L. Jackson (Wife) ended after some 21 years when the trial court found that both parties shall be awarded a divorce pursuant to T.C.A. § 36-4-129.

The trial court divided the marital property and awarded Wife rehabilitative alimony of $1,000 per month for 60 months and $750 per month for an additional 24 months following the 60 month period. It is from the award of alimony that Husband appeals, asking this Court to "decree an appropriate alimony award under all the circumstances of this cause."

In determining whether spousal support is appropriate and then determining the amount and duration, the court is to consider all relevant factors, including those set forth at T.C.A. § 36-5-101(d)(1). At the time of trial, Husband was age 47 and Wife age 52. Husband had been employed by Federal Express for approximately 11 years and earned in excess of $40,000 yearly. Wife's gross monthly income from two jobs was $967. Husband has a bachelor's and master's degree and Wife less than two years of college. Husband suffers from migraine headaches.

Need and the ability to pay are the two most important factors in determining the appropriate amount of alimony. *Barnhill v. Barnhill*, 826 S.W.2d 443, 455, (Tenn. App. 1991). When questioned by his attorney at trial as to what he felt a reasonable amount of alimony would be, Husband testified that "[b]ecause of her professional background, I would think that anyone could be rehabilitated in five years, honestly, and a thousand dollars a month for three or four years and finish it up with, say, $750 a month for a year or two to give us a total of five years. That seems perfectly reasonable to me." Our review of this record convinces us that the trial court considered all relevant factors, including those set forth in the statute. We further agree that the trial court properly assessed the need commensurate with the ability to pay. Having reviewed this record, we find that the evidence does not preponderate against the trial court's findings.

Wife has asked that this case be remanded to the trial court for a determination of an appropriate award for her attorney's fees incurred as a result of Husband's appeal. This we decline to do. The judgment of the trial court is affirmed and costs are taxed to the appellant, for which execution may issue if necessary.

_____
FARMER, J.


_____
CRAWFORD, P.J., W.S. (Concurs)


_____
LILLARD, J. (Concurs)